IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-127-X-BN |
| | § | |
| VIVID SEATS, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On the morning of January 17, 2025, Defendant Vivid Seats, LLC, invoking the Court's federal question subject-matter jurisdiction, removed a lawsuit that Plaintiff Charlotte Carroll filed *pro se* in a Dallas County, Texas state court. *See* Dkt. No. 1.

United States District Judge Brantley Starr referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Four days after Vivid Seats removed to federal court, Carroll moved to remand, (1) stating that she filed an amended complaint in the state court to delete the federal claims that allowed Vivid to remove this lawsuit (which she attaches to the motion to remand) and (2) invoking a recent decision of the United States Supreme Court, *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2015). *See* Dkt. No. 7.

As ordered, Vivid Seats responded, and Carroll replied. *See* Dkt. Nos. 8, 14, & 15.

For the reasons set out below, the motion to remand should be denied.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "[a] motion to remand … must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)," 28 U.S.C. § 1447(c).

But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

## Analysis

Applicable to Vivid Seats's removal, subject matter jurisdiction under Section 1331 typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation*

*Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

And, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Copeland v. E\*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at \*2 (5th Cir. Jan. 10, 2025) (per curiam) (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))).

Carroll's state court petition attached to the notice of removal, alleging that Vivid Seats violated the Americans with Disabilities Act ("ADA"), a federal statute, asserts more than an insubstantial violation of federal law, to support the Court's jurisdiction under Section 1331. *See Farooq v. Nucor Bus. Tech., Inc.*, No. 3:24-cv-920-N-BN, 2024 WL 2805928, at \*2 (N.D. Tex. Apr. 25, 2024) ("[A] plaintiff's citing a federal statute and alleging facts to support a violation of that statute is enough to carry a removing defendant's burden to show a foundation for a nonfrivolous and not insubstantial violation of federal law." (citing *Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at \*2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that this is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964, and then alleged facts

- 3 -

to show how Title VII applies to her claims. And, by including factual allegations that imply the applicability of the federal statute cited in the state court petition, Chapman alleged more than the existence of a frivolous or insubstantial federal question, and thereby alleged a basis for jurisdiction under Section 1331." (cleaned up)), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023))), *rec. accepted*, 2024 WL 2804933 (N.D. Tex. May 31, 2024).

But, according to Carroll, *Royal Canin* requires remand because, on the evening of January 17, 2025, she filed an amended complaint in the state court deleting all federal law claims. *See* Dkt. No. 7-1 (reflecting that the pleading was filed in the state court at 7:16 p.m. on January 17).

In *Royal Canin*, the Supreme Court, affirming the judgment of the United States Court of Appeals for the Eighth Circuit, held that remand is required where a plaintiff amends a complaint to delete the federal-law claims that allowed for removal to federal court. As the Court summed up its decision:

> The earliest version of that suit contained federal-law claims and therefore was properly removed to federal court. The additional state-law claims were sufficiently related to the federal ones to come within that court's supplemental jurisdiction. But when Wullschleger amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court.

*Royal Canin*, 604 U.S. at 43-44; *see, e.g.*, *Joel v. Howard Univ.*, Civ. A. No. 24-1655 (LLA), 2025 WL 358769, at *2 (D.D.C. Jan. 31, 2025) ("As the Supreme Court recently explained, after amendment, '[t]he amended complaint becomes the operative one;

and in taking the place of what has come before, it can either create or destroy [federal] jurisdiction.' Here, Ms. Joel has abandoned her claims arising under federal law, which were the basis for Howard University's removal to this court. 'Her deletion of all federal claims deprived [this court] of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too.' Accordingly, the court must remand this case to the Superior Court." (quoting *Royal Canin*, 604 U.S. at 35, 44)).

And, so, this could be a straightforward win for Carroll had she filed an amended complaint in federal court.

But she elected to file the amended pleading in the state court after this lawsuit was removed to federal court.

And a lawsuit cannot proceed in two courts at one time. Which is why

> the effect of removal is to deprive the state court of an action properly before it. In other words, removal divests the state court of jurisdiction and precludes any state-court/federal-court conflict. This is because: When a case begins in state court and is later removed to federal court, there are not concurrent proceedings. The removal action takes the case from the state court and places it in federal court.

*Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 208 (5th Cir. 2018) (per curiam) (cleaned up); *accord Roman Catholic Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57, 63 (2020) ("Once a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.' 28 U.S.C. § 1446(d).").

In sum, the motion to remand under *Royal Canin* should be denied because Carroll filed her supposedly jurisdiction-stripping amended complaint in the state

court after Vivid Seats removed this lawsuit to federal court earlier the same day and after Vivid Seats filed a notice in state court in compliance with Section 1446(d) (at 1:27 p.m.). *See Carroll v. Vivid Seats, LLC*, No. CC-24-09307-C (Cnty. Ct. at Law No. 3, Dall. Cnty., Tex.); *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)).

And, so, the operative complaint remains the one attached to the notice of removal that asserts more than an insubstantial violation of the ADA.

## Recommendation

The Court should deny Plaintiff Charlotte Carroll's motion to remand [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE