IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-0127-X |
| | § | |
| VIVID SEATS, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 39). Both sides filed objections. (Doc. Nos. 41, 42). Vivid Seat's objections insist there has been a mechanical breakdown in the arbitration process because Carroll refused to select an arbitrator affiliated with the AAA.[1] Carroll's objections assert the mechanical breakdown is because the AAA failed to provide a panel list—not due to her refusal to select an arbitrator from an AAA list.[2]

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objections were made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. The parties did not follow the contractual arbitrator-selection process by failing to obtain

---

[1] Doc. 41 at 5.

[2] Doc. 42 at 1–2.

the AAA panel list and selecting an arbitrator from that list.[3]  Because the parties failed to exhaust their contractual remedies, judicial intervention is improper; the Court finds no error; and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court therefore **DENIES** Plaintiff Charlotte Carroll and Defendant Vivid Seats, LLC's motions requesting that the Court appoint an arbitrator (Doc. Nos. 27, 28) and **DENIES** Carroll's motions requesting a hearing (Doc. Nos. 31, 38).

**SO ORDERED** this 9th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] Carroll's objections state the parties *did* attempt to use AAA, but AAA "refused because the contract did not designate it as the arbitration body."  Doc. 42 at 2.  However, that is not an accurate depiction of the record. *Id* at Ex. 1.  In fact, the AAA did not provide the panel list to the parties because the parties failed to provide the AAA either (1) a contact clause related to the arbitration procedures or (2) the court order referring the matter to arbitration. *Id.* at 1.  The Court suggests the parties provide the relevant documents to the AAA before requesting further relief from this Court. *See* Doc. 11, Ex. I-A; Doc. 25; Doc. 43.